**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

IN RE: CAIRES

RICHARD CAIRES,
  *Appellant,*

    v.

JP MORGAN CHASE BANK, NA*,*
  *Appellee*.

No. 3:20-cv-164 (JAM)

**OPINION RE: ORDER DENYING EMERGENCY MOTION FOR STAY**

Appellant Richard Caires has filed an emergency motion for reinstatement of the automatic bankruptcy stay pending adjudication of his bankruptcy appeal now pending before me. Caires' bankruptcy appeal is from an order of the Bankruptcy Court that granted the motion of appellee JP Morgan Chase Bank (the "Bank") for relief from the automatic bankruptcy stay. Doc. #1-1; *In re Caires*, 2020 WL 470242 (Bankr. D. Conn. 2020) (Manning, C.J.). Thus, Caires seeks an emergency stay of an order lifting the automatic bankruptcy stay as to the Bank. I have considered Caires' emergency motion, the Bank's objection, and Caires' reply. Docs. #13, #15 and #17. In an order issued earlier today, Doc. #18, I denied Caires' emergency motion and indicated that an opinion would follow. This is that opinion.

By way of background, Caires filed for bankruptcy in July 2019. He did so in the midst of final foreclosure proceedings that were initiated by the Bank with respect to property at 634 North Street in Greenwich, Connecticut. This property has been the subject of foreclosure proceedings since 2010 stemming from Caires' failure to make mortgage payments since 2009. Caires owes the Bank more than $8.3 million, and the fair market value of the property is about $6.6 million. Caires' bankruptcy filing was propitiously timed, coming as it did shortly after Caires was denied an appellate stay of the foreclosure proceedings by the Connecticut Superior

Court and after the Bank had moved to reset the "law days" for finalization of the foreclosure decree. *See Sovereign Bank v. Licata*, 178 Conn. App. 82, 98-99 (2017) (discussing sequence of foreclosure proceedings and "law days"). According to the Bank, the Connecticut Superior Court has scheduled a hearing for today, February 18, 2020, on the Bank's motion to reset law days.

A bankruptcy court's order lifting an automatic stay is a final order that is appealable to a district court. *See In re Quigley Co., Inc.*, 676 F.3d 45, 51 (2d Cir. 2012). As I understand Caires now to be seeking a stay pending appeal of the Bankruptcy Court's order, I will consider the traditional factors that govern whether a stay should be granted pending appeal. *See* Fed. R. App. P. 8(a)(1)(A); *see generally In re Adelphia Commc'ns Corp.,* 361 B.R. 337, 346 (S.D.N.Y. 2007). Specifically, I will consider (1) whether Caires will suffer irreparable injury absent a stay, (2) whether in turn the Bank will suffer substantial injury if a stay is issued, (3) whether Caires has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected. *Ibid*; *accord Hirschfeld v. Board of Elections in the City of N.Y.*, 984 F.2d 35, 39 (2d Cir. 1993).

As to the first factor (irreparable harm to the movant), Caires makes no argument about why he would suffer irreparable harm if a stay is not granted. He says nothing about his relationship to the property at 634 North Street or how he would be irreparably harmed if the foreclosure proceedings continue against the property. Caires has failed to show irreparable harm.

As to the second factor (substantial harm to the non-movant), the Bank's objection to Caires' emergency motion amply establishes that the Bank would be substantially harmed if I were to enter a stay of the Bankruptcy Court's order. It details how Caires has failed to make any mortgage payments on the property for many years and how he has engaged in a pattern of filing

motions and lawsuits designed to impede the Connecticut state courts' resolution of foreclosure proceedings. Doc. #15.

As to the third factor (possibility of success on appeal), Caires has not established that there is a substantial possibility that he will succeed on his appeal from the Bankruptcy Court's order lifting the automatic stay. To begin with, the decision of the Bankruptcy Court to lift an automatic stay is subject to review only for abuse of discretion. *See In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 91 (2d Cir. 2003). Chief Judge Manning's order contains a thorough and careful review of the law governing whether to lift the automatic stay and specific findings that a lifting of the stay was warranted in light of Caires' history of non-payment, his vexatious efforts to impede foreclosure proceedings by means of collateral litigation and bankruptcy filings, and her recognition of the jurisdictional limits under the *Rooker-Feldman* doctrine on the authority of the Bankruptcy Court or any federal court to entertain Caires' challenges to the grounds for the state court foreclosure proceedings. Doc. #1-1 at 8-16.

Caires complains that the Bankruptcy Court did not conduct an evidentiary hearing, but he does not dispute that the Bankruptcy Court gave all parties the opportunity to be heard by teleconference and to otherwise submit briefing with respect to whether the automatic stay should be lifted. Doc. #1-1 at 1-2. Nor has Caires shown any persuasive reason to doubt the validity of the Bank's proof of claim, and it appears to me that any alleged error with respect to whose burden it was to sustain the validity of the proof of claim was harmless.

As to the fourth factor (the public interest), the dispute here is between private parties. This factor is neutral.

All in all, I conclude on the basis of all relevant factors that the emergency motion to stay should be denied. Even if Caires were to carry his burden to show irreparable harm, I would reach the same conclusion on the balance of weighing all relevant factors. The emergency motion for reinstatement of stay pending adjudication of appeal (Doc. #12) is DENIED.

It is so ordered.

Dated at New Haven this 18th day of February 2020.


/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge